# CHARLESTON.

## PASLEY v. BROMLEY.

Submitted January 10, 1889.—Decided January 29, 1889.

EVIDENCE—SET-OFF.

> B. Executed and delivered to P. a writing in these words: "I this day agree to pay Wm. R. Pasley all the money, that Jesse Pasley's timber comes to after deducting out all the money, that Jesse Pasley * * * * owes me." At the time this writing was executed, B. had been garnished in a Kentucky court by a creditor of Jesse Pasley and was subsequently by the judgment of said court compelled to pay said debt to said creditor. In an action of *assumpsit* by P. against B. on said writing the record in said Kentucky suit is admissible in evidence to prove the payment of the amount, for which he was so garnished as a set-off against the claim of the plaintiff.

*Z. T. Vinson* for plaintiff in error.

*H. K. Shumate* for defendant in error.

SNYDER, PRESIDENT:

Writ of error to a judgment rendered September 3, 1886, by the Circuit Court of Wayne county in an action of *assumpsit* brought in said court by William R. Pasley against John B. Bromley. The judgment was on the verdict of a jury and is for the sum of $703.38. The defendant saved several bills of

exceptions, in one of which all the evidence is certified; and, the court having overruled his motion for a new trial, the defendant has brought the case to this Court.

In our view of the case only one of the numerous errors assigned by the plaintiff in error need be considered by us. The plaintiff's cause of action is the following *assumpsit*, duly signed by the defendant: "I this day agree to pay Wm. R. Pasley all the money, that Jesse Pasley's timber comes to, after deducting out all the money, that Jesse Pasley, James H. Pasley and Elias Williamson owe me. This is for timber, that has been already delivered this 12th day of May, 1884."

The evidence tends to prove, that Jesse Pasley, the father of the plaintiff, was the owner of certain timber, which he had prior to March, 1884, sold to the defendant, Bromley, who had in money and supplies paid the greater part of the purchase-money therefor. In the spring of 1884 the said Jesse Pasley became embarrassed in his business, and certain of his creditors sued him in the Circuit Court of Boyd county, Ky., and among these creditors were D. H. Carpenter and the firm of Williamson & Hampton. Carpenter commenced his action and filed his petition in said court on March 17, 1884, in which he claimed, that said Jesse Pasley was indebted to him in the sum of $209.00; that the defendant was a non-resident of the state of Kentucky and was disposing of his property with the intent to defraud his creditors. At the same time the plaintiff, Carpenter, sued out an attachment against the estate of Jesse Pasley; and on May 9, 1884, the said Williamson & Hampton commenced their action and filed their petition in said court, claiming that said Jesse Pasley was indebted to them in the sum of $288.00; that he was a non-resident of the state of Kentucky, and that the said John B. Bromley was indebted to said Pasley; and asking an attachment against the estate of said Pasley and garnishee process against said Bromley. An attachment was issued in each of these actions requiring the sheriff to attach the estate of said Pasley and to summon the garnishees to answer. The attachment in the Carpenter case was served on the defendant Jesse Pasley and said Bromley on March 19, 1884; and in the case of Williamson

& Hampton it was served on said Pasley and Bromley on May 9, 1884. Afterwards, on December 12, 1884, Bromley answered as garnishee and admitted, that, at the time the said attachments were served upon him, he was indebted to the defendant Jesse Pasley in the sum of $301.00, and asked that the Plaintiffs in said attachments might be compelled to litigate and settle their rights to said fund and determine, which has the prior lien thereon. These two actions were consolidated and finally heard and decided by the said Circuit Court of Boyd county, Ky., and, the court having rendered judgment for the plaintiffs in each case against Jesse Pasley, it held that Carpenter had the prior lien on the fund attached in the hands of Bromley, and thereupon it ordered Bromley to first pay off the judgment in favor of Carpenter and then pay the balance of the said $301.00 in his hands to the said Williamson & Hampton on their judgment against said Jesse Pasley. In satisfaction of this judgment, and as required by the order of said court, Bromley paid over said sum of $301.00 to the said Carpenter and Williamson & Hampton.

On the trial of the present action the defendant, Bromley, included this $301.00 in his account of sets-off and payments filed against the claim of the plaintiff, William R. Pasley, and, in order to prove this item of his account, offered in evidence a duly certified record of the judgment and proceedings in said cases in said Circuit Court of Boyd county, but upon objection by the plaintiff the court refused to permit said record to be read in evidence to the jury; and to this action of the court the defendant excepted. This ruling is assigned as error by the plaintiff in error.

The grounds, upon which this record was excluded by the trial-court, do not appear in the record; but it is contended by the counsel for the defendant in error, that, inasmuch as the defendant, Bromley, had been garnished before he executed the writing, on which this action is founded, and in which he agreed to pay the balance then due from him to the plaintiff as the assignee of Jesse Pasley, and, having made no provision in the said writing for the payment of claims set out in said record, he is not entitled to credit for the amount paid on said claims as against the plaintiff in this

action. It is true this writing does not make any specific reference to these Kentucky claims, but it does in general terms provide and except from its operation as an assignment "all the money that Jesse Pasley owed the defendant for timber." It is admitted that Bromley had been garnished before this writing was executed, and that the debt for which he was garnished was a debt of Jesse Pasley. It follows, therefore, that Bromley was under a legal liability, at the time he executed this writing, to pay these Kentucky debts, and the subsequent payment of them by reason of that liability created a debt in favor of Bromley against Jesse Pasley, which by relation and in legal contemplation arose, at the time the garnishee-process was served upon Bromley, and was therefore, at the time said writing was executed, an existing legal liability or debt in favor of Bromley against Jesse Pasley. It was certainly a conditional liability, which Bromley had no power to escape, and which could not be defeated by Jesse Pasley except by his doing so in the actions of the Boyd county Circuit Court; and, he having failed to do so, though having full notice of the pendency of said actions, even if such notice could be material, neither he nor the plaintiff, who claims under said writing, can be now heard to deny, that the debt arising out of said Kentucky claims was not an existing liability, at the time said writing was executed, and as such excepted from the operation of the assignment to the plaintiff.

For these reasons I think said Kentucky record should have been admitted in evidence, and that the Circuit Court erred in rejecting it.

The other errors assigned relate principally to the order and regularity of the conduct of the proceedings during the trial in the Circuit Court, and as it is not probable, and for the most of them it is impossible, that they can arise on the re-trial of the case, it could subserve no useful purpose for us to notice or consider them. This observation will also apply to the instructions asked and given in the case, because the construction, which we have given to the writing sued on in this case, makes those instructions wholly immaterial.

For the error aforesaid the judgment of the Circuit Court

must be reversed, a new trial ordered, and the case remanded.

REVERSED.  REMANDED.